IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | | |
|---|---|---|
| DINA F. TANNER, on behalf of herself and all others similarly situated, | : : : | |
| | : | CASE NO. 1:25-CV-01672-PAB |
| | : | |
| Plaintiff, | : | Judge Pamela A. Barker |
| | : | |
| v. | : | Mag. Judge Reuben J. Sheperd |
| | : | |
| MANSFIELD HOTEL LLC, | : : : | |
| *Defendant.* | : | JURY DEMANDED |

**SECOND AMENDED COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by Dina F. Tanner (hereinafter "Plaintiff" or "Ms. Tanner") against Mansfield Hotel LLC (hereinafter "Defendant").

2. Plaintiff brings her federal claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standard Act of 1939 ("FLSA"), as amended 29 U.S.C. § 201 et seq.

3. Plaintiff brings her Ohio claims against Defendant in order to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et. seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, 15 (the Ohio Wage Act and the OPPA will be collectively referred to as the "Ohio Acts") and O.R.C. § 2307.60.

4. Under the FLSA and the Ohio Wage Acts, Defendant was required to pay for all hours Plaintiff worked and pay her 150% of her regular rate for all hours worked over 40 in a workweek. By willfully failing to compensate Plaintiff, who performed pre-shift and post-shift work, Defendant violated the FLSA and the Ohio Acts.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA which raise federal questions pursuant to 28 U.S.C. § 1331.

8. This Court has jurisdiction over Plaintiff's supplemental Ohio Wage Act, OPPA, and O.R.C. § 2307.60 claims pursuant to 28 U.S.C. § 1367.

9. Venue in proper in the Northern District of Ohio, pursuant to 28 28 U.S.C. § 1391, because Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in northern Ohio, including Mansfield, Ohio (Richland County).

## III. THE PARTIES

10. Dina F. Tanner ("Plaintiff" or "Ms. Tanner") is an adult resident of Florence, Indiana residing at P.O. Box 131 Florence, Indiana 47020. Plaintiff was employed by Defendant in a front desk position from approximately March 2024 until June 2024, when she changed roles to a General Manager and remained in that role until approximately October 2024. Her consent form was filed pursuant to 29 U.S.C. § 216(b). *See* ECF No. 1-1.

11. Defendant Mansfield Hotel LLC ("Defendant") is a domestic limited liability company registered to do business in the state of Ohio. Process may be served upon its Registered Agent, Sanjay Bhatt at 2935 Kenny Rd. Suite 225 Columbus, Ohio 43221.

IV. **FACUTAL ALLEGATIONS**

12. During all times material to this Complaint, Defendant was an employer within the meaning of the FLSA, the Ohio Acts, and O.R.C. § 2307.60.

13. During all times material to this Complaint, Defendant employed Plaintiff within the meaning of the FLSA and the Ohio Acts.

14. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. During all times material to this Complaint, Plaintiff has been Defendant's employee pursuant to the Ohio Acts and has been an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

16. During all times material to this Complaint, Defendant hired Plaintiff to assist in the day-to-day operations, management, and overall functioning of its hotel.

   a. **Defendant's Overtime Rate Violation**

17. During all times material to this Complaint, Plaintiff was paid at an hourly rate, not on a salary or fee basis as described in 29 C.F.R. § 541.602 and thus was a non-exempt employee entitled to be paid overtime at 150% of herr regular rate for all hours worked over forty (40) in a workweek.

18. During all times material to this Complaint, Plaintiff did not receive at least $684 per week on a salary basis. In fact, Defendant classified Plaintiff as a non-exempt employee paid on an hourly basis.

19. During all times material to this Complaint, Plaintiff was paid at an hourly rate of $11.00 per hour, in both her positions as front desk and general manager.

20. During all times material to this Complaint, Defendant would record Plaintiff's hours worked using a timeclock system, wherein Plaintiff would have to manually clock herself in to work and clock herself out at the end of her respective shifts.

21. During all times material to this Complaint, Plaintiff regularly worked beyond forty (40) hours in a workweek.

22. During all times material to this Complaint, for example, Plaintiff recorded[1] approximately fifty-five (55) to seventy (70) hours worked per week.

23. During all times material to this Complaint, however, Defendant paid Plaintiff her straight time hourly rate for all hours recorded, including those hours in excess of forty (40) in a workweek.

24. For instance, during the biweekly pay period from June 30, 2024, to July 13, 2024, Ms. Tanner logged a total of 119.62 hours. Given that the pay period spans two weeks, any hours worked beyond eighty (80) should have been paid at any overtime rate. Despite this, Ms. Tanner was compensated at her standard hourly rate of $11.00 for all 119.62 hours, including the 39.62 hours worked over eighty, without receiving one-and one-half times her regular rate. *See* ECF No. 1-2.

---

[1] Ms. Tanner was scheduled and worked approximately fifty-five (55) to seventy (70) hours per week, as displayed on her paystubs. However, Ms. Tanner performed additional off-the-clock work outside of her scheduled hours described in further detail below.

25. Indeed, Defendant failed to pay Plaintiff overtime compensation at one-and-one-half times her regular rate for all hours worked in excess of forty (40) in a workweek.

26. Upon information and belief, Defendant violated federal and state overtime law because it knew or should have known Plaintiff was working over forty (40) hours in a workweek while being compensated at a rate less than the statutorily required overtime rate.

27. Plaintiff raised these concerns on multiple occasions by verbally complaining to Defendant's area managers, Tom Last Name Unknown ("LNU") and Janet Last Name Unknown ("LNU"), specifically regarding Defendant's failure to pay overtime wages as mandated by law.

28. In response to these complaints, Tom and Janet consistently dismissed Plaintiff's concerns, stating "we have never paid overtime" and "we are not required to pay overtime," demonstrating a disregard for applicable wage and hour laws.

29. Indeed, during all times material to this Complaint, Defendant's pay practice of not paying Plaintiff for all hours worked over forty (40) in a workweek at an amount equal to 150% of her regular rate, was willful and not in good faith.

   **b. Defendant's Failure to Compensate for Off-the-Clock Work**

30. During all times material to this Complaint, Plaintiff was scheduled to work approximately five (5) to seven (7) days a week, beginning around 6:00 a.m. or 7:00 a.m., and ending between 3:00 p.m. and 5:00 p.m., depending on the level of coverage available from other employees.

31. During all times material to this Complaint, both the Defendant's work demands, and Plaintiff's primary job duties often required her to work before her scheduled shift or after it had ended.

32. Specifically, beginning in approximately April 2024, Defendant's area manager, Tom LNU met with Plaintiff and requested that she move into the hotel to be readily available to address the frequent and ongoing work-related issues that occur after hours.

33. During all times material to this Complaint, Defendant did not provide all of the employees lodging. It was offered only to Plaintiff and one other housekeeper.

34. Although Plaintiff resided at Defendant's hotel, the lodging arrangement existed primarily for the benefit and convenience of Defendant, not Plaintiff. Indeed, the realty of the employment relationship was such that Plaintiff's on-site presence served the operational needs of Defendant's hotel.

35. Specifically, by living on the premises, Defendant required that after clocking out for the evening, Plaintiff be available to go back down to the front desk to perform her required job duties while off-the-clock.

36. For example, Plaintiff was frequently required to handle a range of responsibilities outside of her scheduled hours. These off-the-clock duties included responding to incidents involving unwanted hotel guests being escorted out by police, addressing technical or computer issues at the front desk, conducting room inspections—particularly for guests who paid a cash deposit and required clearance before a refund—restocking laundry supplies such as sheets, and fulfilling guest requests for additional towels, pillows, and blankets. ("Off-the-Clock Duties).

37. Additionally, as part of her Off-the-Clock Duties, the doors to the hotel remained locked during nighttime hours. If a guest rang the doorbell, the housekeeper was instructed to contact Plaintiff, who was required to wake up, go to the front lobby, and assist the guest with check-in or any other requests.

38. However, Defendant refused to compensate Plaintiff for the time spent performing any Off-the-Clock Duties. When Plaintiff inquired with area managers, Tom LNU and Janet LNU, about why she was not being paid for the overnight work she performed, she was told that she was not permitted to clock in and that "it is your job to make sure those things get done."

39. During all times material to this Complaint, and as a result of Defendant's required Off-the-Clock Duties, Plaintiff routinely spent approximately fifteen (15) to twenty (20) hours each week after her scheduled shifts performing these required duties.

40. During all times material to this Complaint and upon information and belief, Defendant was aware that Plaintiff often worked fifteen (15) to twenty (20) hours each week after her scheduled shifts scheduled shifts—as that was the reason Defendant required Plaintiff to live on the premises to begin with-- and permitted this to occur.

41. During all times material to this Complaint, when the time spent performing Off-the-Clock Duties is added back into Plaintiff's hours worked, she goes uncompensated for overtime hours worked in violation of the FSLA and Ohio Wage Acts.

42. During all times material to this Complaint, and upon information and belief, Defendant has not maintained or preserved itemized cost records or substantiating documentation sufficient to establish the "reasonable cost" or "fair value" of any such facilities allegedly provided to Plaintiff, as required by 29 C.F.R. § 516.27.

43. During all times material to this Complaint, and upon information and belief, any deduction or in-kind addition claimed by Defendant under Section 3(m) is unlawful to the extent it caused Plaintiff's cash wages to fall below the overtime threshold, or to the extent it was not supported by compliant records on a workweek basis as mandated by 29 C.F.R. § 516.27(b).

44. During all times material to this Complaint, Defendant knowingly, willfully, or with reckless disregard did not include the fair value of the lodging in calculating Plaintiff's regular rate.

45. During all times material to this Complaint, Defendant's pay practice of not paying Plaintiff for all hours worked, including all hours worked over forty (40) in a workweek at an amount equal to 150% of her regular rate, was willful and not in good faith.

V. <u>CAUSES OF ACTION</u>

<u>COUNT I</u>
**STRAIGHT TIME VIOLATIONS OF THE FLSA'S OVERTIME PROVISIONS**

46. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

47. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

48. During the time period from approximately three (3) years preceding the commencement of this action to the present, Plaintiff was employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

49. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

50. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendant was an employer subject to the FLSA.

51. During all times material to this Complaint, Plaintiff has not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, she was not paid at least $684 per week on a salary basis. *See* 29 C.F.R. § 541.602.

52. At all times material to this Complaint, Defendant regularly employed Plaintiff to work more than forty (40) hours in a workweek.

53. Defendant violated federal law because it knew or should have known that Plaintiff should have been paid overtime for all hours worked over forty (40) in a workweek, including work performed prior to or beyond their regularly scheduled hours.

54. Defendant, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek and instead were paid straight time for all hours worked.

55. Plaintiff should have been paid 150% of her regular rate for all hours worked beyond forty (40) in a workweek during the three years from the filing date of the Complaint.

56. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continued to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

57. Plaintiff is entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which Plaintiff has suffered and continues to suffer damages.

## COUNT II
## COMPENSATION FOR ALL HOURS WORKED VIOLATIONS OF THE FLSA OVERTIME PROVISIONS

58. Plaintiff re-alleges, and incorporates by reference, the allegations the allegations set forth in the preceding paragraphs.

59. Plaintiff brings her FLSA claims for Defendant's willful failure to compensate her for all hours worked in a workweek.

60. Defendant willfully violated the FLSA be suffering and permitting Plaintiff to work hours that it did not pay her at least the federal minimum wage.

61. Plaintiff is entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which Plaintiff suffered damages.

## COUNT III
## REGULAR RATE VIOLATIONS OF THE FLSA OVERTIME PROVISIONS

62. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

63. Plaintiff brings her individual FLSA claims for Defendant's willful failure to include the fair market value of the lodging in her regular rate when calculating her overtime rate for all hours she worked in excess of 40 hours in a workweek.

64. Plaintiff is entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of FLSA, by which the Plaintiff suffered damages.

## COUNT IV
## VIOLATION OF THE OHIO WAGE ACT

65. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

66. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

67. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

68. At all times material to this Complaint, Defendant was an employer covered by the Ohio Wage Act and has been thus required to comply with its mandates.

69. At all times material to this Complaint, Plaintiff was a covered "employee" of Defendant pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

70. At all times material to this Complaint, Defendant regularly employed Plaintiff to work more than forty (40) hours in a workweek.

71. At all times material to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff, including Defendant's repeated action of refusing to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

72. Defendant violated the Ohio Wage Act because it knew or should have known Plaintiff should have been paid overtime for all hours worked over forty (40) in a workweek, including work performed prior to or beyond their regularly scheduled hours.

73. Indeed, at all times material to this Complaint, Plaintiff did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

74. Plaintiff was not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff was not exempt from receiving overtime because they were not paid at least $684 per week on a salary basis. *See* 29 C.F.R. § 541.602.

75. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

76. Plaintiff is entitled to unpaid overtime and other compensation, interest and attorneys' fees, and all other remedies available as compensation for Defendant's violations of the Ohio Wage Act, by which Plaintiff has suffered and continues to suffer damages.

## COUNT V
## OHIO PROMPT PAY ACT- FAILURE TO PROMPTLY PAY WAGES

77. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

78. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

79. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

80. At all times material to this Complaint, Defendant has refused to pay Plaintiff all owed overtime wages at one and one-half (1 ½) times her normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

81. Plaintiff's wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

82. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT VI
### VIOLATION OF O.R.C. § 2307.60 AND 29 U.S.C. § 216(a)

83. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

84. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

85. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff has been injured as a result.

86. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

87. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT VII
### VIOLATIONS OF O.R.C. § 4111.14(G)
### FAILURE TO PROVIDE RECORDS AS TO WAGES AND HOURS WORKED

88. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

89. O.R.C. § 4111.14(G) requires employers to provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

90. On or about June 24, 2025, Plaintiff requested such records through her attorney. The request was received and signed for by Defendant on or about June 26, 2025 and filed as ECF No. 10-1.

91. Pursuant to the records request, a response to Plaintiff's request was due on or about August 8, 2025.

92. To date, the employer has not provided records pursuant to the request under O.R.C. § 4111.14(G).

93. In violating O.R.C. § 4111.14(G) of the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that this Court enters the following relief:

A. Unpaid wages, including overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for Plaintiff.

B. A declaratory judgment that the practice complained of herein is unlawful under the Ohio Wage Act and the OPPA;

C. Awarding Plaintiff the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the OPPA.

D. Compensatory and punitive damages under O.R.C. § 2307.60.

E. Awarding pre-judgment and post-judgment interest;

F. Any other relief to which Plaintiff may be entitled.

Dated: January 12, 2026　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ Anna R. Doren*
　　　　　　　　　　　　　　　　　　　　　　Anna R. Doren (OH Bar No. 0104562)
　　　　　　　　　　　　　　　　　　　　　　Robert E. DeRose (OH Bar No. 0055214)
　　　　　　　　　　　　　　　　　　　　　　Nickole K. Iula (OH Bar No. 0099895)
　　　　　　　　　　　　　　　　　　　　　　**BARKAN MEIZLISH DEROSE COX, LLP**

4200 Regent Street, Suite 210  
Columbus, OH 43219  
Phone: (614) 221-4221  
Facsimile: (614) 744-2300  
Email: adoren@barkanmeizlish.com  
bderose@barkanmeizlish.com  
niula@barkanmeizlish.com  

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a trial by jury on all of their claims.

*/s/ Anna R. Doren*
Anna R. Doren